COMMERCIAL UNION ASSURANCE CO., PLC; Commercial Union Pensions Management, Ltd.; Gemini Overseas Corporation; Lewis E. Lehrman, Mercia Zurich, A.G., Overbrook Nominees, Ltd., and Strand Nominees, Ltd., Plaintiffs,

v.

IVAN F. BOESKY & COMPANY, L.P.; Seemala Partners, L.P.; Michael R. Milken; Lowell J. Milken; Dennis B. Seligmann, Harris & Co., Inc., Defendants.

No. 87 Civ. 1865 (MP).

United States District Court, S.D. New York.

May 3, 1993.

Cadwalader, Wickersham & Taft by George D. Reycraft, Debra B. Steinberg, Michael Perino, New York City, for plaintiffs Commercial, Gemini, Mercia & Lehrman.

Paul, Weiss, Rifkind, Wharton & Garrison by Mark Belnick, David Kornblau, Steven Herzog, New York City, for defendant Michael Milken.

Lord Day & Lord, Barrett Smith by Michael O. Finkelstein, New York City, for defendant Lowell Milken.

## DECISION

MILTON POLLACK, Senior District Judge.

The defendants Michael Milken and Lowell Milken move for summary judgment of dismissal of this suit pursuant to Rule 56, Federal Rules of Civil Procedure.

On March 21, 1986, plaintiffs invested a total of $11,511,674 in limited partnership interests in the Ivan Boesky and Co. L.P., a Delaware limited partnership formed on March 5, 1986 now known as CX Partners L.P., (the Partnership).

The investment was made through an unregistered private offering to reorganize and raise capital for Boesky's arbitrage opera-

tions which until then had been conducted through Boesky Corp.

On March 20, 1987 the original plaintiffs filed the initial complaint seeking to recover their invested capital alleging, in essence, that they were defrauded into purchasing their partnership interests.

Plaintiffs posited their claims on alleged violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder and on Section 12(2) of the Securities Act of 1933 as amended, and on RICO. All the original parties plaintiff in the suit other than the three or four now before the Court have settled their claims. The fifth amended complaint served by Court order on April 30, 1993 was severed from the earlier complaints and reflects the parties and claims severed from the original complaint and before the court on this motion.

Plaintiffs invested in the partnership capital the sum of $11,511,674 and claim that their investment was fraudulently induced in violation of the Federal securities laws mentioned above. The partnership has been liquidated and plaintiffs have been repaid a total of 114.6 percent of their capital investment, having received heretofore a total of $13,180,732 thereon, which is an amount of $1,680,704 in excess of the capital investment by the plaintiffs. Further distribution of partnership funds may be made later this year by the liquidator.

■ Although the severed claims herein are asserted under Section 10(b), plaintiffs seek damages beyond their out-of-pocket capital investment which they already have recovered. They seek further remuneration under a benefit of the bargain theory, plus 9 percent prejudgment interest on their initial investment. Seemingly the plaintiffs seek the benefit of the very fraud from which they disassociate themselves. In reality they are claiming contract damages. The law does not furnish such damages under Section 10(b). *Levine v. Seilon Inc.*, 439 F.2d 328–34 (2nd Cir.1984); *Barrows v. Forest Laboratories Inc.*, 742 F.2d 54, 59–60 (2nd Cir.1984).

■ The present overblown complaint and the circumstances involved in this litigation commencing with the first and continuing through the fifth amended complaint are such that fundamental considerations of fairness and litigative propriety and normal restraint warrant the Court in the exercise of an informed discretion to deny the grant of an overlay of interest on the original investment on top of the 14.6 percent addition which the plaintiffs have received on their capital investment. What has been repaid to the plaintiffs more than adequately satisfies any equitable demand for interest on the capital recovery, *Rolf v. Eastman Dillon & Co.*, 637 F.2d 77, 87 (2nd Cir.1980).

There were approximately 43 plaintiffs who commenced this action; only seven names remain. The others dismissed their attorneys Cadwalader, Wickersham & Taft, and through other counsel have made their own arrangements in satisfaction of their claims.

■ The fifth amended complaint seeks a recovery against the defendants Milken by reason of the 10(b) claims mentioned above. The overextended allegations of the latest pleading in keeping with those which were served heretofore by the same law firm is forensically larded with allegations of misconduct of Boesky and his cohorts a vast distance from the fraudulent inducement of a purchase of a limited partnership interest. That ploy does not serve to enhance the legal measure of damages applicable. Since the entire partnership capital investment was fully recovered before the fifth amended complaint was served on April 30, 1993, served by order of the Court to update the pleadings, the inclusion of the lurid historical content seems to be an attempted portrayal for some presumed coercive effect.

■ The addition of the civil RICO claim in the complaint is flawed by the absence of any foundation for a compensatory recovery and more particularly because it is insufficient in law on its face as well as in its particularization filed heretofore by Court order.

The claim entirely lacks the existence of an ongoing enterprise separate and apart from the purported pattern of activity asserted, as well as in respect to other failings, for the assertion of a cognizable civil RICO claim.

## SECTION 12(2)

■ Section 12(2) of the '33 Act liability is by its terms limited to a person "who offers or sells" a security. Plaintiffs admit that neither of the defendants Milken actually solicited the purchases made by the plaintiffs; neither offered or actually passed title thereto, nor did either induce the purchases of any of the plaintiffs. They are not statutory sellers. Their inclusion in these claims was a known impropriety and this claim is dismissed, with prejudice.

## CONCLUSION

■ The motion for summary judgment is granted in all respects and the severed fifth amended complaint with respect to the defendants Milken is dismissed with costs. In view of the very clear legal principles applicable to the Federal claims attempted to be asserted, the Court will consider an application from defendants for appropriate sanctions against the plaintiffs and their attorneys under the principles of Rule 11, Fed. R.Civ.P. on papers to be submitted within 10 days hereof to determine whether further costs to the moving defendants are warranted due to the oppressive and prolific litigative conduct exhibited herein on the part of the plaintiffs and their counsel.

There is no reason for delay and the ongoing processing of the Drexel bankruptcy aspects of the global settlement should not be delayed and further hampered by this litigation and its conduct and the Clerk is accordingly directed in accordance with Rule 54(b) to enter final judgment against the above named plaintiffs in favor of the moving defendants.

SO ORDERED.